**E-FILED**
Friday, 28 April, 2006  08:20:07 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| LARRY YOUNG,                    ) | |
|                                 ) | |
|     Petitioner,          ) | |
|                                 ) | |
|   v.                             ) | No. 06-1014 |
|                                 ) | |
| GUY PIERCE, Warden,             ) | |
| Pontiac Correctional Center,    ) | |
|                                 ) | |
|                                 ) | |
|     Respondent.          ) | |

## <u>O R D E R</u>

Before the Court is Petitioner, Larry Young's ("Young") Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody [Doc. #4]; Respondent's Motion to Dismiss the Petition [Doc. #10]; and Young's Motions to Strike the Motion to Dismiss [Doc. #13] and for Oral Argument [Doc. #15]. For the reasons that follow, Respondent's Motion to Dismiss will be GRANTED and Young's Motions to Strike and for Oral Argument will be DENIED as MOOT.

### <u>BACKGROUND</u>

Young is currently serving time at the Pontiac Correctional Center in Pontiac, Illinois. On June 22, 2000, Young was convicted by a jury for aggravated battery and sentenced to three years imprisonment[1] by the Eleventh Judicial Circuit Court

---

[1] According to the Illinois Department of Corrections website, Young is serving time for several aggravated battery convictions. <u>See</u> Illinois Dep't of Corr., Inmate Search, at http://www.idoc.state.il.us/subsections/search/inms.asp (last visited April 26, 2006). However, his sentence for the instant conviction has yet to be discharged. <u>Id.</u>

in Livingston County, Illinois on July 26, 2000.  Although Young

filed a timely notice of appeal on August 4, 2000, he then filed

a post-trial motion to reduce his sentence three weeks later.

As a result, on June 21, 2001, the Illinois Appellate Court for

the Fourth District dismissed Young's appeal as premature and

remanded the case to the trial court for further proceedings on

the post-trial motion.  On July 3 and 5, 2001, Young proceeded

to file two more post-trial motions for appointment of new

counsel.  All three post-trial motions, however, were later

denied by the trial court on July 16, 2001.

 Young appealed his conviction and the trial court's denial

of his post-trial motions to the Illinois Appellate Court for

the Fourth District.  On June 30, 2003, his appeal was denied.

He then filed a petition for leave to appeal to the Illinois

Supreme Court.  On December 3, 2003, his petition for leave to

appeal was also denied.  Young, however, failed to file a

petition for writ of certiorari to the United States Supreme

Court within the applicable 90-day time period.  As a result,

his state court judgment became final on March 2, 2004.

 On January 24, 2003, while his direct appeal was still

pending in the appellate court, Young filed a petition for state

post-conviction relief in the trial court.  On January 28, 2003,

the trial court summarily dismissed Young's petition for post-

conviction relief finding that part of his allegations were

already pending on direct appeal and the remainder were frivolous and patently without merit.

Young then filed a notice of appeal on February 13, 2003. His appeal was eventually denied by the Illinois Appellate Court for the Fourth District on February 18, 2004.  On March 12, 2003, Young filed a petition for leave to appeal to the Illinois Supreme Court.  His petition for leave to appeal was denied by the Illinois Supreme Court on May 26, 2004.  Still undeterred, Young filed a motion for leave to file a motion for reconsideration, which was denied by the Illinois Supreme Court on July 2, 2004.  Young did not, however, file a petition for writ of certiorari to the United States Supreme Court.

On January 24, 2006, Young filed the instant § 2254 Habeas Petition.  On February 10, 2006, this Court ordered Respondent to file an answer or responsive pleading.  In response to this Court's order, Respondent filed the instant Motion to Dismiss in which he alleges that Young's § 2254 Habeas Petition is time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act.  Finally, on March 20, 2006, Young filed a Motion to Strike and a Motion for Oral Argument.

## ANALYSIS

The statue of limitations for habeas petitions challenging state court convictions provides:

> (1) A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Young does not allege that the State of Illinois unconstitutionally prevented him from filing his § 2254 Habeas Petition.  Nor does he allege that he is entitled to relief based on a newly recognized and retroactively applicable constitutional right, or new facts that could not be discovered through the exercise of due diligence.

Therefore, the 1-year period of limitations on Young's § 2254 Habeas Petition normally would have began to run on March 2, 2004 -- the date on which his state court judgment became final.  However, because Young filed a timely petition for state post-conviction relief on January 24, 2003, the statute of

4

limitations period was tolled until July 2, 2004 -- the date on which the Illinois Supreme Court denied his motion for leave to file a motion for reconsideration of its decision denying his petition for leave to appeal.[2]  As a result, the 1-year statute of limitations period under § 2244(d) began to run on July 2, 2004.  Thus, Young's § 2254 Habeas Petition, which was filed on January 24, 2006, became untimely as of July 2, 2005.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss the Petition [Doc. #10] is GRANTED. Young's § 2254 Habeas Petition [Doc. #4] is hereby DISMISSED.

IT IS FURTHER ORDERED that Young's Motions to Strike the Motion to Dismiss [Doc. #13] and for Oral Argument [Doc. #15] are DENIED as MOOT.

CASE TERMINATED.

ENTERED this  27th  day of April, 2006.

/s/ Joe B. McDade
JOE BILLY McDADE
United States District Judge

---

[2] The Court points out that Young did not file a petition for writ of certiorari to the United States Supreme Court and the statute of limitations is not tolled during the 90 days in which he could have filed such a petition.  See Gutierrez v. Schomig, 233 F.3d 490 (7th Cir. 2000).